### RD–DR CORPORATION et al. v. SMITH et al.

Civ. A. No. 3738.

United States District Court
N. D. Georgia, Atlanta Division.
March 6, 1950.

Heyman, Howell & Heyman, Atlanta, Ga., Rosenman, Goldmark, Colin & Kaye, New York City, for plaintiffs.

J. C. Savage, Atlanta, Ga., J. M. B. Bloodworth, Atlanta, Ga., Jno. E. Feagin, Atlanta, Ga., and Henry L. Bowden, Atlanta, Ga., for defendants.

ANDREWS, Chief Judge.

The Atlanta ordinance which governs the exhibit of motion pictures in Atlanta, authorizes the exclusion, by a Censor, of pictures which are "obscene, lewd, licentious, profane, *or will in his opinion adversely affect the peace, health, morals and good order of the City."* (Italics supplied).

Plaintiffs, licensors of the picture "Lost Boundaries", allege, and defendants admit, that although the picture is not in any particular, "lewd, obscene, licentious or profane", defendants barred the same from Atlanta because its exhibition "will adversely affect the peace, morals and good order of said City".

Asserting protection under Section 1 of the Fourteenth Amendment of the Constitution of the United States, plaintiffs ask that enforcement of the ordinance be temporarily and permanently enjoined and for judgment declaring the ordinance unconstitutional and void. Defendants filed an answer admitting the material facts and a motion to dismiss upon the grounds, "1. The complaint filed by the plaintiffs in this suit sets forth no cause of action against the defendants or either of them for the relief prayed. 2. The allegations of the complaint fail to state a claim upon which relief can be granted. 3. Plaintiffs do not come within the provisions of the laws complained of and cannot, therefore, maintain this suit. 4. The complaint seeks injunctive relief against the enforcement of a penal ordinance and courts of equity will not interfere in the administration of the criminal laws or ordinances adopted by a municipality. 5. Plaintiffs have a complete and adequate remedy at law". Plaintiffs thereupon filed a motion for judgment on the pleadings. At hearing it was stipulated that in this state of the pleadings no evidence was necessary and that the cause be disposed of with finality on the issues so made.

The narrow question, determination of which makes it unnecessary to decide other issues raised, is whether motion pictures are entitled to the protection constitutionally accorded the press.

The Supreme Court in the case of Mutual Film Corporation v. Industrial Commission of Ohio, 236 U.S. 230, 35 S.Ct. 387, 59 L. Ed. 552, Ann.Cas.1916C, 296, and its companion cases has decided that motion pictures are not to be regarded as a part of the press of the country or organs of public opinion and as such entitled to the protection afforded the press.

In United States v. Paramount Pictures, Inc., 334 U.S. 131, 68 S.Ct. 915, 933, 92 L.Ed. 1260, an antitrust case, the Supreme Court observed that "we have no doubt that motion pictures, like newspapers and radio, are included in the press whose freedom is guaranteed by the First Amendment". That observation, though generally regarded as obiter, is yet thought by counsel to be an invitation to the industry to again present the question; but I can not anticipate that the Court will overrule the Mutual Film cases.

But the question appears to need re-examination since Gitlow v. People of State of New York, 1925, 268 U.S. 652, 45 S.Ct. 625, 69 L.Ed. 1138, in which the Court determined that under the due process clause of the Fourteenth Amendment, citizens of the United States and the several states are protected from acts of the states and localities within the states by virtue of the fact that due process guaranteed to them in the Fourteenth Amendment covered the freedoms provided in the First Amendment; Winters v. New York, 1948, 333 U.S. 507, 68 S.Ct. 665, 667, 92 L.Ed. 840, where a New York Statute which forbade publication and distribution of magazines, "principally made up of news or stories of criminal deeds of bloodshed or lust so massed as to become vehicles for inciting violent and depraved crimes against the person", was voided because it permitted the punishment of incidents fairly within the protection of the guarantee of free speech (cf. Atlanta ordinance, "peace, health, morals and good order"); Terminiello v. Chicago, 1949, 337 U.S. 1, 69 S.Ct. 894, 895, where an Illinois Statute creating the offense of "breach of the peace" was held unconstitutional be-

cause it was there construed to include speech which "stirs the public to anger, invites dispute, brings about a condition of unrest or creates a disturbance", the Court saying that such an interpretation permitted the jury to convict for speech which is constitutionally protected; also Thomas v. Collins, 323 U.S. 516, 65 S.Ct. 315, 89 L.Ed. 430; Thornhill v. Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093; and the many cases on prior restraint.

Furthermore 35 years of progress and development have resulted in the re-admeasurement against constitutional guaranties of many regulatory statutes, particularly those which impose any sort of "gag rule" and their consequent interment in the attic which contains the ghosts of those, who arrayed in the robe of Bigotry, armed with the spear of Intolerance and mounted on the steed of Hatred have through all the ages sought to patrol the highways of the mind.

In essence that part of the ordinance presently under scrutiny empowers the Censor to determine what is good and what is bad for the community and that without any standard other than the Censor's personal opinion. As here applied it attempts a degree of thought control but unless motion pictures can be afforded the coverage extended the press it is clear that the police power of the State has not been exceeded.

Grounds one and two of the motion to dismiss are sustained and the complaint is hereby dismissed.